```
                 DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

MRL Development I, LLC and MICHAEL R.  )
LUCHT,                                 )
                                       )
             Plaintiffs,               )
                                       )         Civil No. 2013-48
             v.                        )
                                       )
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER; PUTNAM LUMBER &       )
EXPORT CO.; PUTNAM FAMILY PROPERTIES,  )
INC.; and GREAT SOUTHERN WOOD          )
PRESERVING, INC.,                      )
                                       )
             Defendants.               )
_____
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER,                       )
                                       )
             Cross-claimant,           )
                                       )
             v.                        )
                                       )
PUTNAM LUMBER & EXPORT CO.; PUTNAM     )
FAMILY PROPERTIES, INC.; and GREAT     )
SOUTHERN WOOD PRESERVING, INC.,        )
                                       )
             Cross-claim defendant.    )
_____)
                                       )
PUTNAM FAMILY PROPERTIES, INC.,        )
                                       )
             Cross-claimant,           )
                                       )
             v.                        )
                                       )
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER; and GREAT SOUTHERN    )
WOOD PRESERVING, INC.,                 )
                                       )
             Cross-claim defendants.   )
```

```
                                            )
PUTNAM LUMBER & EXPORT COMPANY,             )
                                            )
            Cross-claimant,                 )
                                            )
      v.                                    )
                                            )
WHITECAP INVESTMENT CORP., d/b/a            )
PARADISE LUMBER; and GREAT SOUTHERN         )
WOOD PRESERVING, INC.,                      )
                                            )
            Cross-claim defendant.          )
                                            )
```

**ATTORNEYS:**

**David A. Bornn, Esq.**
The Bornn Firm, PLLC
St. Thomas, VI
**Paul Martin Platte, Esq.**
Columbia, SC
  *For the Plaintiffs*,

**Chad C. Messier, Esq.**
**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
  *For the defendant/cross-claimant Whitecap Investment Corp.*
  *d/b/a Paradise Lumber,*

**Lisa M. Komives, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson, Esq.**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
  *For the defendants/cross-claimaints Putnam Lumber & Export*
  *Co. and Putnam Family Properties, Inc,*

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI

**Stewart Andrew Kelly, Esq.**
Lightfoot, Franklin & White, LLC
Birmingham, AL
> *For the defendant/cross-claim defendant Great Southern Wood Preserving, Inc.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, J.**

Before the Court is the motion of the defendant/cross-claim defendant Putnam Lumber and Export Company ("Putnam") to dismiss Counts Two, Three, and Six of the Complaint filed by plaintiffs MRL Development I, LLC and Michael R. Lucht (collectively "MRL").

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Great Southern Wood Preserving, Inc. ("GSWP") is an Alabama lumber wholesaler. In addition to selling wood, it also provides chemical and pressure treatments to prevent lumber from decaying. The ostensible purpose of such treatments is to render the lumber safe for use in buildings.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the defendant/cross-claimant Putnam. Putnam, a Florida corporation, is itself a lumber retailer. Putnam regularly sold lumber to, among others, the defendant/cross-claimant Whitecap Investment Corporation, doing business as Paradise Lumber ("Paradise Lumber").

Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands. It sold lumber that it had purchased from Putnam, and which had been treated by GSWP, to various consumers in St. John. These consumers used the lumber in their sundry buildings. Two of these consumers are the plaintiffs in the instant case, MRL Development I, LLC and Michael R. Lucht (collectively "MRL").

MRL claims that the GSWP-treated lumber, sold by Putnam, prematurely decayed, causing damage to its house, into which the lumber had been incorporated.

MRL initiated this matter on February 15, 2013, in the Superior Court of the Virgin Islands. The amended complaint (the "Complaint") named GSWP, Paradise Lumber, and Putnam as defendants. The Complaint included six counts: (1) breach of contract against Paradise Lumber; (2) breach of contract against Putnam; (3) breach of warranty against all defendants; (4) negligence against all defendants; (5) strict liability against all defendants; and (6) deceptive trade practices against all defendants.

Thereafter, on April 15, 2013, Paradise Lumber filed its answer and cross-claims against GSWP and Putnam.

On May 14, 2013, GSWP removed the action to this Court. Thereafter, on June 21, 2013, Putnam filed the instant motion to

dismiss several of the claims in MRL's Complaint. Specifically, Putnam alleges that Counts Two, Three, and Six fail to state claims for which relief can be granted. MRL opposes the motion.

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires

Case: 3:13-cv-00048-CVG-RM Document #: 120 Filed: 02/26/14 Page 6 of 20

MRL Dev. I, Inc. v. Whitecap Inv. Corp.
Civil No. 2013-48
Memorandum Opinion
Page 6

the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

> determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

**A. Count Two: Breach of Contract**

Putnam alleges that MRL has failed to state a claim for breach of contract. There are four elements to a contract claim in the Virgin Islands: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Bank of Nova Scotia v. Ross*, Civ. No. 2010-118, 2012 WL 4854776 (D.V.I. Oct. 12, 2012)(slip op.)(citing to *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). An agreement may be either express, one which is stated in oral or written words, or implied wholly or partially from the parties' conduct. Restatement (Second) of Contracts § 4; *see Delta Elec. V. Biggs*, 2011 WL 4463211, *3 (D.V.I. App. Div. 2011). "A party who breaches a contract is liable for all natural and probable consequences of the breach of that contract." *Mendez v. Coastal Sys. Dev., Inc.*, 2008 WL 2149373, *12 (D.V.I. 2008).

"In general, a person must be in privity to a contract to sue for damages for breach of such contract. However, under certain conditions a person may sue as a third party beneficiary to a contract." *Harper v. Government of the Virgin Islands*, Civ.

No. 91-1981, 1982 U.S. Dist. LEXIS 9416, at *6 (D.V.I. Apr. 14, 1982). Under the Restatement (Second) of Contracts, a third-party beneficiary is either intended or incidental.[2] Section 302 of the Restatement defines intended and incidental beneficiaries as follows:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981).

An intended third-party beneficiary of the contract may bring suit on a contract to which he is not a party. *See Kmart Corp. v. Balfour Beatty, Inc.*, 994 F. Supp. 634, 636 (D.V.I.

---

[2] In the Virgin Islands, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4. Although the Supreme Court of the Virgin Islands has stated that no Restatement should be mechanically applied in all cases, *Banks v. Intl. Rental and Leasing Corp.*, 55 V.I. 967, 2011 WL 6299025, at *6 (V.I. 2011), this Court is unaware of any local law, including caselaw, which would require deviation in this case.

1998) (noting that "[a]n intended beneficiary acquires a right under the contract" while "[a]n incidental beneficiary does not"). Indeed, an intended beneficiary is intended within the minds of the parties as a part of the bargain. An incidental beneficiary, however, is not within the minds of the parties, to be within what was being bargained for. As such, an incidental beneficiary is not part of the required "agreement." *See Isbrandtsen Co. v. Local 1291 of Int'l Longshoreman's Assoc.*, 204 F.2d 495, 498 (3d Cir. 1953).

"[T]he fact that the Plaintiffs do not specify whether they are intended or incidental beneficiaries is not fatal, as the notice pleading approach of the Federal Rules would not appear to require putative third party beneficiaries to specifically allege in their complaint that they were intended, as opposed to incidental, third party beneficiaries of an agreement." *Matos v. Nextran, Inc.*, Civ. No. 2008-65, 2009 WL 2477516, *4 n.5 (D.V.I. Aug. 10, 2009).

The Court, in considering if there are facts in the Complaint sufficient to show plausible entitlement to relief, disregards any allegations in the cross-claim which are merely "labels and conclusions [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Thus, the Court will ignore allegations contained in MRL's Complaint which contain

conclusory legal statements, such as statements that "The Plaintiffs are Third Party Beneficiaries." (Amended Compl., ¶ 40.)

Such conclusory allegations thus discarded, MRL's Complaint alleges the following facts: that Putnam sold defective wood products to Paradise Lumber; that Putnam shipped such wood products to the Virgin Islands for the expected sale to Virgin Islanders; that the lumber Putnam provided to Paradise Lumber did not conform with that which Paradise Lumber had purchased; that MRL purchased lumber from Paradise Lumber that was sold to Paradise Lumber by Putnam; that the wood MRL purchased from Paradise Lumber has prematurely decayed; and that as a result, MRL has been forced to remove such wood products and rebuild the home into which the wood was incorporated.

The Court must accept as true all such factual allegations and draw all reasonable inferences in favor of the non-moving party, MRL. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

MRL has alleged no facts giving rise to the inference that MRL was a party to a contract with Putnam. Instead, MRL focuses entirely on purported agreements between Putnam and Paradise Lumber. Specifically, MRL states that Putnam sold lumber to Paradise Lumber, and that Paradise Lumber then sold such lumber to MRL. No relationship has been alleged to exist between

Putnam and MRL. As such, there is no privity between them. *See* Privity, Black's Law Dictionary (9th ed. 2009). Thus, MRL may only recover on a contract theory from Putnam if MRL is a third-party beneficiary of a contract in which Putnam was a party. *See Kmart Corp.*, 994 F. Supp. at 636.

A beneficiary of an agreement is an intended beneficiary if recognition of a right of performance in the beneficiary is appropriate to effectuate the intention of the parties and the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. *See id.* (citing to the Restatement (Second) of Contracts).

MRL has alleged that Putnam sold lumber to Paradise Lumber with the intention of it being sold to customers in the U.S. Virgin Islands. Specifically, MRL states that Putnam "expected sale to Virgin Islanders including Plaintiffs." In essence, MRL claims that Paradise Lumber engaged in the agreements alleged in order to give customers, such as MRL, the benefit of Putnam's performance. That is, Paradise Lumber intended to sell the promised treated lumber to its customers and give those customers the benefit of lumber treated to the agreement's specifications. These facts make it plausible that MRL was an intended third-party beneficiary to the alleged agreement.

The Court next turns to the other elements required in a contract claim.  MRL has to allege facts sufficient to plausibly show that there was "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Ross*, 2012 WL 4854776.

MRL alleges that Putnam sold the lumber at issue.  MRL also claims that Paradise Lumber purchased said lumber.  That is, Putnam and Paradise exchanged goods for money.  Such an agreement is plausibly an agreement which constitutes a contract. V.I. CODE ANN., tit. 11A, § 2-206(1)(b)(allowing for the act of specifying something for purchase and the subsequent sale of those goods in exchange for money to be sufficient to create an enforceable contract).

MRL alleges that the wood products Putnam sold to Paradise Lumber were defective, and did not meet the specifications of the agreement Putnam and Paradise entered into for specific lumber.  Thus, MRL claims, Paradise Lumber did not receive the goods it contracted for. This is sufficient to allege that there was breach of that agreement.

MRL alleges that the wood at issue prematurely decayed because it was not treated to the standard specified in Paradise Lumber's contract with Putnam.  MRL claims that, as a result of this premature decay, MRL was forced to purchase more wood

products and to spend money and labor on the effort to replace the decaying lumber. Thus, MRL has claimed damages – purchasing and replacing the lumber – and that such damages were caused by Putnam's failure to adhere to its contract with Paradise Lumber.

Therefore, MRL has stated facts sufficient to plausibly state a claim for relief as alleged in Count Two, Breach of Contract.

**B. Count Three: Breach of Warranty**

Putnam alleges that MRL has failed to state a claim for breach of warranty.

> "Virgin Islands law specifically extends express and implied warranties to third-party beneficiaries. Title 11A, Section 2–318 of the Virgin Islands Code provides that '[a] seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty.' V.I. Code Ann. tit. 11A, § 2–318."

*Matos*, 2009 WL 2477516, at *3.

"To state a claim for breach of an express warranty generally, a plaintiff must allege the following: (1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant." *Id.* at *2.

As in Count Two, the initial elements of a breach of warranty claim are that a contract existed, and that there was a breach of that contract. As in Count Two, MRL has plausibly alleged those elements.[3]

The third element of a breach of warranty claim is that the warranties at issue have been "part of the basis of the bargain." *Matos*, 2009 WL 2477516, at *2. That is, "the plaintiff must demonstrate that the express warranty constituted a basis of the bargain between the seller and the buyer." *Id.* at *3 (internal citations omitted). Here, the Court cannot locate any facts in the Complaint which indicate that any express warranty formed part of the basis of the bargain between Paradise Lumber and Putnam. Such an allegation is necessary in order to maintain a cause of action for breach of an express warranty. *Id.*

The Court next turns to the question of whether there were implied warranties which were breached.

> To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that (1) goods were sold by a merchant; (2) the goods were not merchantable at the time of sale; (3) the plaintiff suffered an injury; (4) the plaintiff's injury resulted from the goods' non-merchantability; and (5) the seller had notice of the injury. *Banks v. International*

---

[3] *See* III.A *supra*.

> *Rental and Leasing Corp.*, 49 V.I. 970, 975 (D.V.I. 2008) (stating the elements in a lease context); see also V.I. Code Ann. tit. 11A, § 2-314 (defining the implied warranty of merchantability).

*Matos*, 2009 WL 2477516, at *4 (stating the elements in a sales context).

In order to be "merchantable," goods must "be at least such as pass without objection in the trade under the contract description; and in the case of fungible goods, are of fair average quality within the description; and . . . conform to the promises or affirmations of fact made on the container or label if any." V.I. CODE ANN. tit. 11A, § 2-318.

MRL alleges that Putnam is a lumber retailer, and is thus a merchant with respect to lumber. MRL states that the lumber Putnam purchased from GSWP and subsequently sold to Paradise Lumber, did not conform with the wood's designation as "treated" and failed to meet the requirements of Paradise Lumber's purchase order. In essence, MRL alleges that the lumber provided by Putnam was not of fair or average quality within the contract description and did not conform with the representations on its labels. MRL states that this was true at the time the wood was sold to Paradise Lumber, as the improper treatment is alleged to have occurred prior to Putnam's acquisition of the lumber at issue.

MRL states that, because the wood was not of fair or average quality for treated wood, the wood prematurely decayed. As a result, MRL was forced to remove the wood from its house and to purchase new lumber to replace the defective lumber.

As such, MRL has stated facts sufficient to plausibly state a claim for Breach of Warranty, as alleged in Count Three.

**C. Count Six: Deceptive Trade Practices**

In Count Six, MRL alleges that Putnam misleadingly labeled and sold the lumber at issue in this case, indicating it was properly treated, in violation of the Virgin Islands Deceptive Trade Practices Act. MRL alleges that it was a purchaser of lumber from Paradise Lumber, and that Paradise Lumber obtained the lumber at issue from Putnam.

"Under the Virgin Islands deceptive trade practices law, '[n]o person shall engage in any deceptive or unconscionable trade practice in the sale ... of any consumer goods or services....'" *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 212 (3d Cir. 2002)(citing to V.I. CODE ANN., ch. 12A, § 101). A "consumer" is defined as "a purchaser or lessee or prospective purchaser or lessee of consumer goods or services . . ." V.I. CODE ANN., ch. 12A, § 102. "Consumer goods or services" are defined as "foods, services, credit and debts which are

primarily for personal, household or family purposes[.]" V.I. CODE ANN., ch. 12A, § 102.

Neither the Third Circuit nor the Supreme Court of the Virgin Islands has determined whether an indirect purchaser – someone who did not buy the materials at issue directly from the defendant, but rather from a third party – is considered a "purchaser or lessee or prospective purchaser or lessee" for purposes of the Virgin Islands Code. As such, the Court must look elsewhere for guidance on the precise meaning of those terms.

The Court finds instructive the Third Circuit's interpretation of similarly worded provisions of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. In cases brought under the Pennsylvania statute, the Third Circuit has stated that such a statute does not protect private persons who were not the direct purchaser. *See, e.g., Katz v. Aetna Cas & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992). Such statutes do not extend to individuals who were not the purchaser, even where those individuals can show they were the intended beneficiaries of the sale or contract. *See id*. ("Nevertheless, the [plaintiffs] contend that they may still sue under the statute if they can prove that they were the intended beneficiaries of the [contract]. We disagree.")

Case: 3:13-cv-00048-CVG-RM   Document #: 120   Filed: 02/26/14   Page 18 of 20
*MRL Dev. I, Inc. v. Whitecap Inv. Corp.*
Civil No. 2013-48
Memorandum Opinion
Page 18

The Third Circuit's interpretation was based in part on the fact that one of the purposes of the Pennsylvania statute was to "equalize the market position and strength of the consumer vis-à-vis the seller." *Id.* That is, it was designed to keep a seller from taking advantage of a much weaker buyer. *See id.* Indirect purchasers, those that never interacted with the more-powerful original seller, would be insulated by the intermediate party from this disparity in bargaining power. That is, they would not be touched by the harm the statute was designed to prevent.

The Court finds this reasoning persuasive. Like the Pennsylvania statute, the Virgin Islands Code is aimed at protecting purchasers from unfair or misleading sales tactics. *See Katz*, 972 F.2d at 56 (discussing the purposes of the Pennsylvania law); V.I. CODE ANN., ch. 12A, § 101. At its core, the Virgin Islands deceptive trade practices statute protects the customers with whom the seller actually interacts. Arguably, the seller could mislead or take advantage of such customers due to their weaker bargaining position. Such customers would thus be "purchasers" or "prospective purchasers" for purposes of the statute. *See* V.I. CODE ANN., ch. 12A, § 102.

This accords with this Court's previous findings as to the Virgin Islands deceptive trade practices statute. *See Knox v. Quest Diagnostics, Inc.*, Civ. No. 2006-97, 2012 WL 400333, at

*MRL Dev. I, Inc. v. Whitecap Inv. Corp.*
Civil No. 2013-48
Memorandum Opinion
Page 19

*5-6 (D.V.I. 2012). In *Knox*, the plaintiff was the recipient of services paid for by a third party buyer. *See id.* The Court found that, where the plaintiff had not actually purchased anything from the defendant, the plaintiff had not shown he was a "consumer" under Virgin Islands Code. *Id.*

In the instant case, the purported purchaser of lumber is MRL. However, MRL does not allege that Putnam interacted with or solicited business from MRL. In fact, there is no allegation that Putnam directed any sales tactics at MRL or that Putnam and MRL have ever been in any contact. Instead, MRL alleges that Putnam sold improperly marketed and labeled wood to Paradise Lumber. Those allegations indicate that *Paradise Lumber* would thus be the only purchaser in a position to be misled by Putnam, and subject to the statute's protection.

As in *Knox*, MRL was never a purchaser or prospective purchaser of goods sold directly by Putnam. The only party in this case who did purchase goods from Putnam was Paradise Lumber. Thus, MRL is not a "consumer" as defined by the Virgin Islands Code. *See* V.I. CODE ANN., ch. 12A, § 102.

As such, MRL cannot state a claim for deceptive trade practices as against Putnam.

The premises considered, it is hereby

**ORDERED** that Putnam's motion to dismiss Counts Two, Three, and Six of the Complaint is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that Count Six of the Complaint is **DISMISSED;** and it is further

**ORDERED** that Putnam's motion to dismiss as to Counts Two and Three is **DENIED.**

                                              S\_____
                                                **Curtis V. Gómez**
                                                **District Judge**