## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| MRL DEVELOPMENT, LLC, and | ) | |
| MICHAEL R. LUCHT, | ) | |
| | ) | Civil No. 2013-48 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WHITECAP INVESTMENT | ) | |
| CORPORATION d/b/a PARADISE LUMBER, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

On November 18, 2014, the District Court granted summary judgment in favor of defendants Great Southern Wood Preserving, Inc. ("GSWP"), Putnam Family Properties, Inc. and Putnam Lumber and Export Company (collectively, "Putnam"), and Whitecap Investment Corp. d/b/a Paradise Lumber ("Whitecap"), and against plaintiffs MRL Development, LLC and Michael Lucht (collectively, "MRL"). *MRL Dev. I, LLC v. Whitecap Inv. Corp.,* 2014 U.S. Dist. LEXIS 163055 (D.V.I. Nov. 18, 2014). J. [ECF 396]. On May 17, 2016, in a precedential opinion, the Court of Appeals for the Third Circuit affirmed the District Court's judgment. *MRL Dev. I, LLC v. Whitecap Inv. Corp.,* 823 F.3d 195 (3d Cir. 2016). Op. [ECF 459-1].

GSWP and Putnam each filed a motion for attorney's fees and costs on May 31, 2016. [ECF 444 and ECF 446, respectively]. On June 1, 2016, Whitecap also filed a motion for attorney's fees and costs. [ECF 448]. Plaintiffs filed a consolidated opposition to the three motions on June 14, 2016 [ECF 453], and on June 28, 2016, defendants replied. [ECFs 454 (Whitecap), 455 (GSWP), 456 (Putnam)]. On February 13, 2017, the District Court referred these motions to the undersigned for a Report and Recommendation. Order [ECF 462].

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 2

# I.     BACKGROUND

This matter, originally filed in the Superior Court of the Virgin Islands, was removed to this Court on May 14, 2013.[1]   In the Amended Complaint, MRL alleged that it owned property on St. John, U.S. Virgin Islands, and that it had sustained damages by reason of having purchased defective wood.   MRL alleged that Whitecap, a business in St. John, and Putnam, based in Florida, had sold the wood to plaintiffs, and that GSWP, an Alabama company, had treated the wood that was sold in the Virgin Islands and later failed.   [ECF 1-2].   MRL contended the wood sold was hazardous and defective, and that it was subject to premature rot and decay.   MRL alleged five causes of action in six counts, including breach of contract, breach of warranty, negligence, strict liability and deceptive trade practices, and sought compensatory and punitive damages.

Whitecap retained the law firm of Dudley, Topper & Feuerzeig, LLP of St. Thomas, U.S. Virgin Islands as counsel.   Along with local counsel, Putnam was represented by Lee, Hernandez, Landrum, Garofalo & Blake, APC, of Miami, Florida.   GSWP was represented primarily by Lightfoot, Franklin & White, LLC of Birmingham, Alabama.

Several cross-claims for contribution and indemnity were filed, and GSWP challenged the Court's personal jurisdiction over it.[2]   Discovery was extensive and included deposition practice, both with fact and numerous expert witnesses, in various locations across the nation.   Pretrial motion practice was likewise extensive, including discovery motions, motions for summary judgment, motions *in limine* and *Daubert* motions.   In addition, MRL sought to consolidate this

---

[1]     This matter was one of a series of cases filed in the Superior Court of the Virgin Islands and in this Court related to prematurely failing wood products sold to homeowners on St. John.

[2]     The District Court found it had personal jurisdiction over GSWP on January 14, 2014.   *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, 2014 U.S. Dist. LEXIS 4533 (D.V.I. Jan. 14, 2014).   Mem. Op. [ECF 106].

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 3

case with another matter pending in this Court involving allegedly defective wood products, which had 46 named plaintiffs.[3]

With many of the pretrial motions still pending, the parties prepared for trial, which was originally set for November 3, 2014.   On October 23, 2014, it was rescheduled for November 10, and then on November 5, 2014, the court rescheduled trial again, for January 12, 2015.   *See* [ECF 385].   On November 18, 2014, the Court granted summary judgment for all defendants.[4] Thereafter, defendants filed fee motions, which the District Court stayed on March 11, 2015 [ECF 432], pending disposition of MRL's appeal of the grant of summary judgment.   Defendants renewed their fee motions following the conclusion of the appeal.

All defendants seek fees and costs as prevailing parties under 5 V.I.C. § 541.   GSWP seeks fees in the amount of $221,962.00 and costs of $30,531.05, for a total of $252,493.05.   Kelly Aff. [ECF 445-1] at ¶¶ 4, 7, 11.   GSWP seeks reimbursement of fees for work performed at the following hourly rates:   $320.00 (partners); $220.00 (associates); and $120.00 and $140.00 (paralegal/technical support).   *Id.* at ¶ 4.   GSWP avers it has not sought, or has limited the amount sought, for fees for local counsel, its challenge to personal jurisdiction, duplicate efforts by multiple attorneys, in-house conferences, clerical work done by attorneys, mediation-related fees, fees incurred after October 31, 2014, including on appeal, most expert-related costs and fees, certain overhead charges and certain travel expenses.   *Id.* at ¶¶ 2-3.

---

[3]     *Chapin v. Great Southern Wood Preserving, Inc., et al.*, Civil No. 2012-77.

[4]     The District Court granted summary judgment for defendants primarily on the basis that the claims were time-barred, and some claims also failed under the "gist of the action" doctrine.   *MRL Dev. I, LLC v. Whitecap Inv. Corp.,* 2014 U.S. Dist. LEXIS 163055(D.V.I. Nov. 18, 2014).

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 4

Putnam seeks fees of $136,494.00 and costs of $37,896.43, for a total of $174,390.43, of which $20,160.77[5] was incurred post-judgment.   Put. Mem. [ECF 447] at 4;  Carlson Aff. [ECF 447-1] at ¶¶ 8, 11, 13, 15.   The fees sought are based on the following hourly rates:  $155 (partner); $145.00 (associate); and $70.00 (paralegal).   Carlson Aff. at ¶ 7.

Whitecap moves for an award of fees in the amount of $230,456.50, and of costs of $24,607.49, for a total of $255,063.99.   Moskowitz Aff. [ECF 449-1] at ¶¶ 4, 6-7.   Two attorneys billed time to this matter, at hourly rates of $275.00 and $225.00.[6]   *Id.* at ¶ 4.   Paralegal time was charged at hourly rates of $150.00 and $130.00.   *Id.*[7]

MRL opposes the fee and cost requests.   Consol. Opp'n [453].   MRL argues that no or only limited fees should be awarded, maintaining that MRL was the aggrieved party, and defendants prevailed only by "narrow, technical legal defenses," that did not require discovery or factual development.[8]   *Id.* at 2.   MRL argues further that defendants should have raised those

---

[5]      The post-judgement amount is comprised of $18,856.00 in fees and $1,304.77 in costs.   Carlson Aff. at ¶¶ 13, 15.

[6]      Although only two attorneys (Messier and Moskowitz) are shown in the Moskowitz Affirmation as having billed time for which a fee award is sought, the Matter Ledger Report attached to the Moskowitz Affirmation shows time for two other attorneys (Holcombe and Perrell) in the amounts of $697.50 and $427.50, respectively.   Matter Ledger Report [ECF 449-2] at 26, 35 (page number references are to the ECF docket page, rather than the page number on the underlying document).   Because they are not identified in the Moskowitz Affirmation, Whitecap does make clear whether those amounts are included within the total Whitecap seeks.

[7]      Attorney Moskowitz avers that paralegal Ferguson's time was charged at $130.00 per hour, but the accompanying ledger indicates her time was charged at $150.00 per hour.   *See, e.g.,* Matter Ledger Report [ECF 449-2] at 4.   Additionally, the summary fee chart appearing in the Moskowitz Affirmation at ¶ 4 contains several mathematical errors.   For example, Ferguson's time should equal $2,652.00 based on an hourly rate of $130.00 for 20.4 hours.   The fee chart shows Whitecap is seeking $5,304.00, or double the amount, for her time.   Even at $150.00 per hour, the total for Ferguson's time would be only $3060.   The Whitecap fee request with respect to Ferguson thus should be reduced by $2,652.00.

[8]      Because MRL had argued for the application of the discovery rule or equitable tolling in connection with the statute of limitations defenses, both the District Court and the Third Circuit relied in part on testimony and other evidence generated in the course of discovery in finding that the limitations periods had run on the claims.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 5

legal defenses earlier, before incurring the fees and costs.   *Id.* at 5-6.   With respect to particular

fees and costs, among other things, MRL posits that defendants' legal teams were over-staffed,

and the hours claimed unreasonable and excessive, with time entries being too vague in

description.   *Id.* at 6-7, 14-15.   MRL also objects to being held responsible for attorney travel

time and expenses (more than $90,000), and expert witness fees.   *Id*. at 8-10.   Finally, MRL

contends no fees should be taxed for time spent in private mediation and appellate work.   *Id*. at

15.   The Court will address each of MRL's contentions in turn below.

## II.   LEGAL STANDARDS

### A.   <u>Attorney's Fees</u>

Where, as here, federal jurisdiction is predicated on diversity of citizenship, "the right of a

party or an attorney to recover attorney's fees from another party in a diversity action is a matter

of state substantive law."   *Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 417 (3d Cir. 1995).

Virgin Islands law provides that

> [t]he measure and mode of compensation of attorneys shall be left
> to the agreement, express or implied, of the parties; but there shall
> be allowed to the prevailing party in the judgment such sums as the
> court in its discretion may fix by way of indemnity for his attorney's
> fees in maintaining the action or defenses thereto . . . .

5 V.I.C.  § 541(b).   Case law interpreting § 541(b) provides that attorney's fees must be

"reasonable."   *See, e.g.*, *Galt Capital, LLP v. Seykota*, 2007 U.S. Dist. LEXIS 94334, *8 (D.V.I.

Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's

fees and costs permits reimbursement for reasonable fees and costs).   In determining the

reasonableness of attorney's fees, the Court must decide whether the requested hourly rate is

"reasonable" and whether the hours billed were "reasonably expended."   *Public Interest Research*

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 6

*Group v. Windall*, 51 F.3d 1179, 1185, 1188 (3d Cir. 1995); *accord Rode v. Dellarciprete,* 892 F.2d 1117, 1183 (3d Cir. 1990); *WDC Miami v. NR Elec.*, 2015 U.S. Dist. LEXIS 1770, at *9 (D.V.I. Jan. 8, 2015).

    1.    *Billing Rates*

       The Court considers first whether defendants have established by satisfactory evidence the reasonableness of the claimed billing rates.   In considering the reasonableness of the hourly rates charged, the Court assesses the experience and skill of the attorneys and compares their rates to the prevailing rates where the forum of litigation is located "for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *accord WDC Miami,* 2015 U.S. Dist. LEXIS 1770, at *9.  *See Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703-05 (3d Cir. 2005) (a reasonable hourly rate is calculated pursuant to the "prevailing market rate" in the "relevant community.").   The relevant rate is calculated at the time of the fee petition, rather than at the time the services were actually performed.[9]  *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). The Court must base its decision on the record, rather than "a generalized sense of what is customary or proper."  *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996).   The rate should take into account counsel's experience and skill and should be evaluated with reference to the rates charged by comparable practitioners in the community.  *Rode*, 892 F.2d at 1183.   The movant "bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits, . . . that the requested hourly rates meet this standard."  *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (alteration in original; internal quotation marks omitted); *see*

---

[9]      It appears that defendants all used rates in effect at the time of the service.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 7

*Walker v. Gruver*, 2013 U.S. Dist. LEXIS 158219, at *9 (M.D. Pa. Nov. 5, 2013) (citing *Evans v. Port Auth. of N.Y.*, 273 F.3d 346, 360-61 (3d Cir. 2001) (noting that the burden of establishing a *prima facie* case includes evidence of a reasonable market rate and references to billing rates charged by attorneys of equivalent skill and experience with cases of similar complexity).

Except in two limited circumstances, the Third Circuit applies the "forum rate" rule, which provides that the relevant "community" for purposes of determining the appropriate billing rate is generally where the litigation took place. *Interfaith Cmty. Org.*, 426 F.3d at 703-05. The two exceptions to the "forum rate" rule are: (1) when the need for "the special expertise of counsel from a distant district" is shown; or (2) when local counsel are unwilling to take the case. *Id*. at 704. "[W]hen a party can show that it qualifies for *either* exception, the Court may award attorney fees based on prevailing rates in the community in which the parties' attorneys practice." *Id*. at 705 (emphasis added).

The relevant community is the Virgin Islands; therefore, defendants' attorneys' rates must be reasonable when compared to the rates of comparable attorneys in the Virgin Islands. MRL does not contest the billing rates.

With respect to attorney's fees, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony v. Abbott*, 2012 U.S. Dist. LEXIS 94323, at *7 (D.V.I. July 9, 2012).[10] All the of the rates charged are within this range, with the exception of the rate charged for partners at GSWP's counsel's firm, which is

---

[10]     These rates continue to be recognized as prevailing in the Virgin Islands. *See Arrow-Pocono Lines, Inc. v. Lowell Land, LLC,* 2016 U.S. Dist. LEXIS 60362, *15 (D.V.I. May 6, 2016) (explaining "this Court has previously found attorney's fees at $300.00 per hour to be at the upper end of reasonableness in the Virgin Islands" and approving a $300 hourly rate notwithstanding that the attorney had contracted for a rate of $350 per hour) (citations omitted).

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 8

$320.00 per hour.[11]   Because the balance of the hourly billing rates charged here – to which there

has been no objection – fall within the scope of rates generally charged for such services, the Court

concludes that those rates are reasonable.

Turning to the issue of paralegal fees, the Court notes conflicting authority exists within

this district regarding the compensation of paralegals; however, the Court finds the weight of

authority indicates that "attorney's fees" embraces paralegal fees.[12]   That said, case law is unclear

as to a reasonable hourly rate for both paralegal and legal assistant services.  *Compare LPP*

*Mortg., Ltd. v. Ferris*, 2014 U.S. Dist. LEXIS 74599, at *26 n.3 (D.V.I. June 2, 2014) (approving

paralegal hourly rates ranging from $120 to $150) *with M & NM & N Aviation, Inc. v. United*

*Parcel Service, Inc.*, 2014 U.S. Dist. LEXIS 37383, at *24 (D.V.I. Mar. 21, 2014) (approving

paralegal hourly rate of $55.00) *and Gardiner v. Virgin Islands Water & Power Auth.,* 32 F. Supp.

2d 816, 819 (D.V.I. 1999) (approving legal assistant hourly rate of $75.00); *cf. Equivest   St.*

*Thomas, Inc. v. Virgin Islands*, 2004 U.S. Dist. LEXIS 26256, at *28-29 (D.V.I. Dec. 31, 2004)

(approving paralegal hourly rate of $95 under 42 U.S.C. § 1988).   Here, the hourly rates charged

---

[11]     Given that GSWP proffered no evidence that a higher rate prevails in the Virgin Islands, or that another, Stateside rate is more appropriate, GSWP has not met its burden to demonstrate the reasonableness of the partner rate, and the undersigned recommends reducing the $320.00 hourly rate to $300.00.  This would result in a reduction of the GSWP fee claim by $11,470.00.

[12]     *See, e.g.*, *LPP Mortg., Ltd. v. Ferris*, 2014 U.S. Dist. LEXIS 74599, at *26 n.3 (D.V.I. June 2, 2014) (including fees of three paralegals as "attorney's fees" under § 541(b)); *M & NM & N Aviation, Inc. v. United Parcel Serv., Inc.*, 2014 U.S. Dist. LEXIS 37383, at *23 (D.V.I. Mar. 21, 2014) (same); *Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 5039, at *7 (D.V.I. Jan. 10, 2013) (same); *Gardiner v. Virgin Islands Water & Power Auth.*, 32 F. Supp. 2d 816, 819 (D.V.I. 1999) (same); *but see Arrow-Pocono Lines, Inc.,* 2016 U.S. Dist. LEXIS 60362, at *19-20 (declining to award paralegal fees because no authority shown for such an award); *Coral World (V.I.), Inc. v. Ros*s, 2000 U.S. Dist. LEXIS 14060, at *4-5 (D.V.I. Sept. 15, 2000) (denying paralegal fees because no authority advanced for their inclusion as "attorney's fees" under § 541(b)); *Morcher v. Nash*, 32 F. Supp. 2d 239, 241 n.1 (D.V.I. 1998) (same); *Mahabir v. Heirs of George,*2014 V.I. LEXIS 20, *3, (V.I. Super. Ct. Apr. 4, 2014) (same); *Chapa v. Sepe*, 2013 V.I. LEXIS 72, *5 (V.I. Super. Ct. June 3, 2013) (same).

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 9

for paralegal services are $120.00 and $140.00 (GSWP), $70.00 (Putnam) and $130.00 and $150.00 (Whitecap).   Given that these rates are within those previously recognized as reasonable by this Court, the undersigned finds the rates charged here should be deemed reasonable.

2.   *Reasonableness of Hours Expended*

Next, the Court addresses whether defendants' claimed hours were "reasonably expended." *Pub. Interest Research Group*, 51 F.3d at 1188.   In evaluating the reasonableness of the hours expended, a court must examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "'with a view to the value of the work product of the specific expenditures to the client's case.'"   *FTC v. Consumer Health Benefits Ass'n*, 2011 U.S. Dist. LEXIS 130361, at *7 (E.D.N.Y. Nov. 10, 2011) (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)).   A court must exclude hours that are "excessive, redundant, or otherwise unnecessary."   *Pub. Interest Research Group*, 51 F.3d at 1188 (quoting *Hensley*, 461 U.S. at 433-34).[13]

**B.   Costs**

The Virgin Islands Code provides that certain costs – apart from attorney's fees -- may be awarded to a prevailing party at the conclusion of litigation.   5 V.I.C. § 541(a); *see also* 5 V.I.C. § 543 ("Taxation of costs").   "The purpose of Section 541 is to indemnify the prevailing party, and the policy behind the statute is that a party should not have to bear the legal expenses of

---

[13]      Defendants each contend they made efforts to reduce their fee claims with respect to time spent in staff conferences or on other intra-firm communications.   Third Circuit law provides, however, that a certain amount of time in such activities may be compensable.   *See Banco Popular de Puerto Rico v. Gilbert*, 424 Fed. Appx. 151, 153-54 (3d Cir. 2011) (stating "there is no blanket ban on recovery for intra-firm communications or work by multiple lawyers under appropriate circumstances").   The *Gilbert* Court observed that "[i]t is also proper for the attorneys in a firm to confer concerning legal issues."   424 Fed. Appx. at 154 n.2.   Nevertheless, there are very few entries on any of the fee requests that relate to such conferences or communications.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 10

demonstrating either that it is not at fault or that it is the victim of another's fault."   *Paul v.*

*Hovensa*, 2013 U.S. Dist. LEXIS 80855, *9-10 (D.V.I. June 7, 2013) (citation omitted).   Under

section 541(a), allowable costs include:

> (1)     Fees of officers, witnesses, and jurors;
>
> (2)     Necessary expenses of taking depositions which are reasonably
> necessary in the action;
>
> (3)     Expenses of publication of the summons or notices, and the postage
> when they are served by mail;
>
> (4)     Compensation of a master as provided in Rule 53 of the Federal
> Rules of Civil Procedure; [and]
>
> (5)     Necessary expense of copying [14] any public record, book, or
> document used as evidence on the trial . . . .

5 V.I.C. § 541(a).     As with attorney's fees, costs, to be recoverable, must be reasonable.   *Bank*

*of Nova Scotia v. Ross,* 2014 U.S. Dist. LEXIS 135848, *24 (D.V.I., Sept. 26, 2014).   Costs such

as those for copying documents, postage and the like incurred in the normal course are generally

considered office overhead expenses, and are not recoverable.   *Id.*[15]

---

[14]     Each defendant seeks costs related to trial preparation materials, denoted as "binders."   To the extent they
have failed to identify those costs as being for copying for use as "evidence on the trial," the following deductions
should be made from the cost claims:   GSWP ($1,924.53); Putnam ($1,924.53) and Whitecap ($5,204.04).

[15]     "[I]t is well-established that 'photocopying and other reproduction costs are nonreimbursable.'"   *Bank of
Nova Scotia v. Ross,* 2014 U.S. Dist. LEXIS 135848 at *24 (citing *Lempert v. Singer*, 1993 U.S. Dist. LEXIS 19923,
at *2 (D.V.I. Dec. 30,1993); *Good Timez Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 464 (D.V.I. 1991)).
Also, district courts in this circuit have held that *pro hac vice fees* are not recoverable, at least under the federal costs
statute.   *See, e.g., Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003) (stating *pro hac
vice* fees "are an 'expense of counsel for the privilege of practicing law in this Court'" (quoting *Romero v. United
States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994)); *Warner Chilcott Labs. Ir. Ltd. v. Impax Labs., Inc.*, 2013 U.S. Dist.
LEXIS 167458, at *11 (D.N.J. Apr. 18, 2013) (collecting cases).   The Court believes such costs should be considered
akin to overhead.   As a result, GSWP's claim for $500.00 and Putnam's claim for $2.00 in respect of *pro hac vice*
admission should be disallowed.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 11

With respect to necessary costs associated with taking depositions, the depositions must be "necessary in the action."   5 V.I.C. § 541(a)(2); *see Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 89 (3d Cir. 1988) (remanded in part for a finding on the necessity of depositions). Recoverable costs associated with taking depositions may include travel expenses.   *Id.*; *cf. Wenner v. Government of the Virgin Islands,* 1993 U.S. Dist. LEXIS 19935, *9 (D.V.I. Dec. 30, 1993) (denying travel costs where unrelated to any recoverable cost (citing *Bernard Heller*, 847 F.2d at 89)); *Terrell v Coral World*, 2011 V.I. Supreme LEXIS 17, *8 (V.I. 2011) (noting award of travel expenses associated with depositions have been upheld on appeal, and affirming denial of other travel costs); *Creative Minds v. Reef Broad.*, 2014 V.I. LEXIS 82, *3-4 (Super Ct. Aug. 12, 2014) ("travel expenses not related to deposition, client meetings and conferences with co-counsel are not recoverable expenses under Section 541").[16]

With respect to expenses related to expert witnesses, a district court may award a prevailing party as costs the fee set out in 28 U.S.C. § 1821.   *Bernard Heller*, 847 F.2d 83, at 86-87 (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987)); *Galt Capital, LLP*, 2007 U.S. Dist. LEXIS 94334, at *7 ("Section 541 limits the reimbursement for expert fees to the minimal amount allowed under 28 U.S.C. § 1821"); *Wenner,* 1993 U.S. Dist. LEXIS 19935, at *9.   This rate is currently $40.00 per day, 28 U.S.C. § 1821(b), plus actual travel expenses and subsistence,[17]

---

[16]      *But see Equivest St. Thomas, Inc.*, 2004 U.S. Dist. LEXIS 26256, at *33 (approving award of attorney travel expenses related to conference with expert witness in case under 42 U.S.C. § 1988 and 5 V.I.C. § 541).  Generally, attorney travel expenses not related to depositions are not awarded.   Accordingly, GSWP's travel cost claim should be reduced by $1,936.98, Putnam's by $1,407.18, and Whitecap's by $54.00.   Also, Whitecap's travel cost of $871.50 should be disallowed as unidentified.

[17]      Subject to limitations of economy and "distance necessarily traveled," § 1821(c) also provides for the actual expenses of travel by common carrier and a mileage allowance for travel by privately owned vehicles.   The mileage allowance is prescribed by the Administrator of General Services ("GSA").   28 U.S.C. § 1821(c)(2).  Section 1821(d)(1) provides for a subsistence allowance when an overnight stay is required.   "A subsistence allowance for a

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 12

28 U.S.C. §§ 1821 (c) and (d).[18]

## III. DISCUSSION

Turning to MRL's specific objections, the Court first notes that MRL contends no fees should be awarded because it was the aggrieved party, and defendants only won on "narrow, technical legal defenses."   Consol. Opp'n at 2.   MRL offers no authority for this result, and the fact is, the defendants prevailed in all respects.

MRL also argues that defendants required no "discovery or fact development" to prevail on these defenses, and they should have been raised earlier, before larges fees were generated.   *Id.* This argument is also without merit.   MRL had argued for the application of a discovery rule to offset the statute of limitations arguments each defendant had raised as an affirmative defense.[19] This necessitated fact discovery, at the very least into when sales of various items were made and when plaintiffs became aware of different aspects of their claimed injuries.   Until a decision could be made on summary judgment regarding the applicable law and the facts, the defendants each were required to prepare to defend all of plaintiffs' claims.   In similar circumstances, the *Bernard Heller* court observed that defendants had "put plaintiffs on notice that they had relied on the status

_____

witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the [GSA] . . . for official travel in the area of attendance by employees of the Federal Government."   28 U.S.C. § 1821(d)(2).

[18]        This does not mean that all other expert *fees* must always be borne by the party retaining the expert.   Federal Rule of Civil Procedure 26(b)(4)(E) states that "[u]nless manifest injustice would result, the court must require the party seeking discovery:   (1) pay the expert a reasonable fee for the time spent in responding to discovery under Rule 26(b)(4)(a)[]."   Fed. R. Civ. P. 26(b)(4)(E).   Thus, in most cases, an opposing party must pay the hourly fees of an expert witness for an appearance at a deposition, so long as such fees are reasonable.   *See, e.g.*, *Fisher-Price, Inc. v Safety 1st, Inc.*, 217 F.R.D. 329-33 (D. Del. 2003) (discussing criteria to determine reasonableness); *Rock River Communs, Inc. v. Universal Music Group*, 276 F.R.D. 633 (C.D. Cal. 2011) (noting a split of authority but concluding the opposing party need not pay the expert's time in deposition preparation, and finding the expert's travel costs should be shifted).

[19]        *See, e.g.*, Whitecap's answer and affirmative defenses [ECFs 1-3, 84]; Putnam's answers and affirmative defenses [ECFs 94-1, 95-1].

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 13

of limitations because they pled it as an affirmative defense," and that "plaintiffs point us to

nothing in the record that suggests plaintiffs themselves attempted to get the court to resolve this

issue earlier."   847 F.2d 83, at 88-89.   The court found "[u]nder these circumstances, defendants

were entitled to proceed with the preparation of the full range of their defenses," and the court

below could consider this time in fixing fees.   *Id.*   Likewise, MRL does not suggest it took any

action to get the dispositive issues decided earlier, and defendants were entitled to prepare their

cases.

MRL next contends no reimbursement should be required without proof that fees were

actually paid.   Consol. Opp'n at 3.   This does not appear to be the law.   For example, in *Polselli*

*v. Nationwide Mut. Fire Ins. Co.*, the plaintiff sought attorney's fees pursuant to a state statute that

allowed an insured to recover fees against an insurer who acted in bad faith.   1993 U.S. Dist.

LEXIS 16195, at *8 (E.D. Pa. Nov. 15, 1993).   The defendant opposed the motion on numerous

grounds, including the lack of evidence that any attorney fees were actually charged to the plaintiff.

*Id*. at *7.   In rejecting the defendant's position, the *Polselli* Court held:

> [t]he assessment of attorney fees is not contingent on the prevailing
> party's obligation to pay the attorney.   To recover attorney fees, a
> party need not prove that she actually paid or was charged the
> attorney fees.   In assessing attorney fees, the focus is not on
> whether the client actually paid the fees.   Rather, the focus is on
> whether the attorney reasonably incurred the fees through his or her
> work on the case.

*Id*. at *8 (internal citations omitted).   In *Sadler v. Balboa Capital Corp.*, 2014 U.S. Dist. LEXIS

27161 (W.D. Pa. Mar. 4, 2014), the defendant obtained an enforceable judgment against the

plaintiff arising from the breach of several contracts and subsequently sought attorney's fees.   *Id.*

at *3.   The plaintiff argued, *inter alia*, that defendant was not entitled to a fee award due to a lack

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 14

of documentation indicating defendants had actually paid for legal services.   Citing *Polselli*, the

*Sadler* Court found plaintiff's argument meritless.   *Sadler*, 2014 U.S. Dist. LEXIS 27161 at *8.

Likewise, this Court finds that a lack of documentation as to the actual payment of attorney's fees

is not a basis on which to deny the fee requests.[20]

MRL contests the reasonableness of many of counsels' hours claimed, asserting in general

they are excessive, unnecessary, duplicative, unreasonable or unsupported.   Specifically, MRL

contends defendants over-staffed the case, and submitted time from too many time-keepers.[21]

Consol. Opp'n at 6-7.   Other than arguing in conclusory fashion that "too many hours were

expended," MRL points to few examples of what it deems excessive.   In particular, however, on

this issue MRL complains that the partner on Whitecap's legal team billed over 70 hours to

reviewing various materials.   *Id*. at 7.   While the overall staffing for Whitecap does not appear

excessive, the Court agrees that it is difficult to discern, without more, the significance to the case

of those hours spent in review.   The Court therefore recommends that the recoverable partner's

hours be reduced by 50 percent.[22]

---

[20]      *See also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012) ("[A]n 'attorney fee' arises when a party uses an attorney, regardless of whether the attorney charges the party a fee."); *Zuniga v. United Can Co.*, 812 F.2d 443, 453 (9th Cir. 1987) (stating "the amount of attorney fees actually paid is not one of the factors to be specifically considered in the balancing process in a determination of reasonable attorney fees"); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 538 (5th Cir. 1970) (holding the lack of evidence of a prevailing party's obligation to pay attorney fees does not bar an award of attorney's fees because "all [] that is required is the existence of an attorney-client relationship").

[21]      Putnam requests fees related to six time-keepers who were brought in only to assist with deposition designations in the last weeks of trial preparation.   Carlson Aff. at ¶ 8, n.1.   Otherwise, the staffing consisted of one partner, one associate and one paralegal.   Putnam Reply [ECF 456] at 3.   Whitecap primarily used only one partner and one associate, along with several paralegals.   Moskowitz Aff. at ¶ 4.   GSWP used three partners, one associate and two paraprofessionals.   Kelly Aff. at ¶ 4.   With the possible exception of the numbers of partners used by GSWP (whose billing rates will be reduced), the Court does not find such staffing levels to be excessive for this matter.

[22]      The time charged by the two attorneys (Holcombe and Perrell) not covered by the Moskowitz Affirmation should also be excluded.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 15

MRL argues that defendants prevailed on a limited legal issue and should not be granted fees for work on unrelated issues, or the for the time spent in litigating the cross-claims. *Id*. at 7-8, 11-12.   As the court in *Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.* noted, where a party "achieved total success through a judgment in its favor on all claims," an "across-the-board reduction for generally excessive billing or motions practice is [] unwarranted." *Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 5039, *5-6 and n.1 (D.V.I. Jan. 10, 2013).   Similarly, the Court will not impose an across-the-board reduction here. Moreover, the cross-claims were for contribution and indemnity, and were intimately bound up with the facts of the underlying claims.   MRL provides no specific authority to support the disallowance of those fees,[23] and the Court is aware of none.

MRL next challenges defendants' requests for reimbursement for travel.   MRL contends that no "special circumstances" were present such that travel expenses should be awarded, citing *Bernard Heller*.   Consol. Opp'n at 8-9.   MRL attacks claims for both attorney travel time, and costs associated with travel.   *Id*. at 9, and Figures 1-6 [ECFs 453-1 to 453-6].[24]

---

[23]      MRL's cited authority, *Dee v. Borough of Dunsmore,* 548 Fed. App'x 58 (3d Cir. 2013) does not support the proposition for which it was offered.   *Dee* does provide, however, that fees that should properly be charged to another matter may not be awarded.   *Id.* at 61.   The Court finds the following billing entries appear to have been misapplied to this matter, and should be excluded:  Putnam's RAC entries on 9/26/24 (0.3 hours), 9/29/14 (7.40) and 11/4/14 (0.1) related to depositions or activities in other matters (a total of $1,209.00); Whitecap's AMM entries between 8/7/15 and 8/10/15 ($742.50); and Whitecap's PJF entries between 7/5/13 and 7/19/13, related to documents produced by Osmose (a non-party), a total of 5.2 hours (at $130.00 per hour, totaling $676.00).   The Court concludes this latter set of activities relate to a subpoena served in another matter, given the timing and the lack of any indication on this docket of a subpoena being issued or served.   Finally, it is not clear to the Court what AMM (for Whitecap) was engaged in with respect to this case for the 12.4 hours billed in March 2016.   These hours should be excluded also ($2,025.00).

[24]      MRL contends counsel for GSWP availed himself of "upgraded airfare and accommodations."   Consol. Opp'n at 9.   MRL offers no actual evidence of this, and the records supplied by GSWP do not assist the Court either. To the extent travel costs are to be reimbursed, the Court believes they should be at the same, lower rate for attorneys from the same firm, traveling at the same time to the same location.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 16

As to the time, MRL contends "all of this travel time" represents only travel, without substantive work being done during such travel.   Consol. Opp'n at 9.   The Court agrees that much of the travel time appears to have been charged only for travel, and there is little indication that other work was performed during those trips.   Defendants have the burden to show the charges are reasonable, and they have not met that burden with respect to all of the travel time reimbursement sought.   As such, reimbursement for all of that time would be excessive.   *See e.g., Equivest St. Thomas, Inc.*, 2004 U.S. Dist. LEXIS 26256, at *21-22 (approving reimbursement for attorney travel time, observing the attorney "used his travel time to work on this matter," but reducing the time by twenty-five percent for reduced efficiency while in transit).   Accordingly, the Court recommends reducing recoverable attorney travel time by fifty percent, where the records do not already reflect such a reduction.[25]

Further, regarding travel time, MRL points out that several entries contain "block billing," which prevents a court from being able to determine what time was allocated to which tasks. Consol. Opp'n at 9, n.2.   For example, time entries for Attorney Kelly on July 7, 2014 and September 4, 2014 list a number of tasks with only one overall time entry.   [ECF 445-2].   With respect to "block-billed" entries generally, the Court cannot evaluate precisely the time expended on a particular task – and the attorney's fees requested – for reasonableness.   While a party may request a fee for work that is "useful and of a type ordinarily necessary to secure the final result obtained,"[26] the fee petition must be sufficiently specific "to allow [the court] to determine if the

---

[25]      With respect to Whitecap, this results in a deduction of $6,885.00.   The other defendants appear to have already reduced their claims for travel time by half.

[26]      *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

MRL Development, LLC, et al. v.
Whitecap Investment Corp., et al.
Civil No. 2013-48
Page 17

hours claimed are unreasonable for the work performed."[27]   Here, the use of block billing renders it nearly impossible for the Court to determine whether unreasonable time was allocated to specific tasks.[28]   Accordingly, the Court will exclude such entries from the requested fee award.

With respect to travel expenses, those necessary and related to the taking of necessary depositions are recoverable.   Contrary to MRL's assertion, the *Bernard Heller* Court acknowledges the appropriateness of reimbursing travel expenses, especially where, as there, counsel and parties were located in the Virgin Islands and on the mainland.   The same is true here, where three out of four defendants were companies in the States.   S*ee Bernard Heller,* 847 F.2d 83, at 89 (remanded in part for a finding on the necessity of depositions).[29]   With respect to depositions, it appears that the parties deposed representatives of each party, as well as the expert witnesses designated by the parties.   All defendants aver that the activities for which they seek fee reimbursement were necessary.[30]   *See, e.g.*, Kelly Aff. at ¶¶ 9-10; Carlson Aff. at ¶¶ 10, 12, 14, 16; Putnam Mem. at 5; Putnam Reply at 5; Moskowitz Aff. at ¶ 4; Whitecap Mem. at 2.[31]

---

[27]     *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) (internal quotation and citation omitted).

[28]     *See Bank of N.S. v. Abdallah*, 2013 U.S. Dist. LEXIS 62968, at *22 (D.V.I. May 2, 2013) (holding "[b]y utilizing [block billing], . . . counsel failed to meet his burden of showing that the attorney's fees sought were reasonable) (alterations added); *Charlery v. STX Rx, Inc.*, 2011 U.S. Dist. LEXIS 101500, at *15 (D.V.I. Sept. 8, 2011) ("If a block entry [containing numerous tasks] is confusing or makes it difficult to allocate reasonable time to a specific task, the blame lies on the party seeking fees because they were in the best position to mitigate any confusion.") (internal quotation and citation omitted).   Because of numerous block-billed or vague entries, the Court recommends a reduction in the GSWP fee claim of $35,730.00.

[29]     *See also Wenner,* 1993 U.S. Dist. LEXIS 19935, at *9; *Terrell*, 2011 V.I. Supreme LEXIS 17, at *8.

[30]     MRL does not really challenge the travel costs, other than to claim GSWP obtained "upgraded airfare and accommodations."   Consol. Opp'n at 9.   MRL does not contend specifically that any of the depositions were unnecessary in this action.

[31]     "[T]aking the depositions in the case required travel as Great Southern's representatives resided in Alabama and Georgia and Putnam's representatives resided in Florida.   Correspondingly, Great Southern's expert resided in

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 18

Under these circumstances, the Court finds the travel costs associated with the depositions in this matter are recoverable.

With respect to expert fees and related costs, MRL objects to the fee requests contending that the only expert fees taxable under § 541 are those provided under 42 U.S.C. § 1821, relying on *Bernard Heller*.   Thus, an award of expert fees may not exceed $40.00 per day, according to MRL.   Consol. Opp'n at 10.   MRL also argues the experts were not necessary to the ultimate disposition of the case on statute of limitations and gist of the action grounds.   *Id.* at 11.   With regard to the latter argument, the Court has already noted that the parties were entitled -- and in fact were required, given the timing of the dispositive ruling -- to prepare for all aspects of their defenses and for trial.   It is not excessive for them to have done so, including retaining experts to handle the technical and scientific areas of defense.   That in hindsight the matter was decided on grounds other than those for which experts were retained is beside the point.

As to the former objection, defendants each make clear that the expert fees sought[32] in part are as a result of an agreement between the parties, on which they contend MRL reneged.   As a general rule, a party taking an opposing party's expert's deposition is required to pay the expert a reasonable hourly fee for the expert's time in the deposition.   Fed. R. Civ. P. 26(b)(4)(E).   *See, e.g., Fisher-Price, Inc.*, 217 F.R.D. at 331-32; *Rock River Communs, Inc.*, 276 F.R.D. 633 (noting a split of authority but concluding the opposing party need not pay the expert's time in deposition

---

Montana and Putnam's expert was in Colorado.   *Given the importance of these witnesses*, travel was unavoidable." Whitecap Reply at 2 (emphasis added).

[32]      To the extent defendants seek reimbursement of their own experts' fees for time spent other than in depositions and the related recoverable expenses, such fees are not recoverable.   Thus, Putnam's claim in respect of Anthony (its "wood science expert") should be reduced to $2,595.27 and for Trayser (expert in construction repair estimating) to $291.66 (Trayser's fees were shared with the other defendants).   Similarly, GSWP's claims for McIntyre should be reduced by $4,458.99, and for Trayser to $291.66.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 19

preparation, and finding the expert's travel costs should be shifted).   GSWP and Putnam contend

that they and MRL agreed to abide by this rule when taking one another's experts' depositions,

but that MRL failed to follow through.   *See* GSWP Mem. at 7; GSWP Reply at 8; Putnam Reply

at 5.   MRL does not dispute this assertion.   MRL should be required to reimburse the expert fees

associated with the expert's depositions.

   To the extent MRL complains that time entries were not specifically detailed, were "vague"

or were "excessive," Consol. Opp'n at 12-15, the Court has reviewed the time records in detail and

concludes that in most cases, the time entries were sufficiently detailed to warrant reimbursement.

The Court will, however, recommend excluding entries that do not meet that threshold.   Further,

any tasks for which fees are sought that were performed by one timekeeper and could have been

performed by another timekeeper at a lesser rate, or were plainly "overhead," should be excluded

or reduced.  *See Grand Union Supermarkets*, 2013 U.S. Dist. LEXIS 5039, at *7 (disallowed

some attorney entries as doing "legal assistant" work and some paralegal entries as doing "purely

clerical tasks"); *Jordan v. SEPTA*, 2013 U.S. Dist. LEXIS 42123, *8 (E.D. Pa. Mar. 26, 2013)

("Purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who

performs them as the cost[s] of clerical work, such as copying and filing, are ordinarily considered

to be part of an attorney's rate as office overhead.") (alteration added; citations omitted); *Sheffer v.*

*Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003) (same).[33]

---

[33]   *See also Berne Corp. v. Gov't of the Virgin Islands,* 2012 U.S. Dist. LEXIS 13128, 34 (D.V.I. Feb. 3, 2012). The *Berne* Court observed: "The Third Circuit has noted its unwillingness to authorize compensation at the high rates associated with an attorney's professional services 'when a lawyer spends time on tasks that are easily delegable to non-professional assistance.'" (citing *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1983)). Accordingly, Putnam's claim should be reduced by $101.50 for administrative work by RMC, and Whitecap's claim by $2,745.00 for such work by AMM.

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 20

Without citation to authority but apparently relying on GSWP's decision not seek them, MRL asserts that the Court should "decline to award mediation or appellate fees and expenses to" Putnam and Whitecap.   Consol. Opp'n at 15.   In *Berne Corp. v. Gov't of the Virgin Islands,* 2012 U.S. Dist. LEXIS 13128 (D.V.I. Feb. 3, 2012), the Court excluded fees incurred in settlement efforts because assessing such fees and costs would "be a disincentive to engage in such efforts." *Id.* at *26-27.   The Court also questioned whether the settlement efforts were "useful and necessary" in achieving the final result.   *Id.* at *27.   The Court finds that such fees and costs should also be excluded here.

With regard to appeal fees and costs, the court in *Wenner* disallowed $ 18,896.25, "which was incurred in litigating plaintiff's appeal to the Third Circuit."   1993 U.S. Dist. LEXIS 19935, at *10 (citing *Vasquez v. Fleming,* 617 F.2d 334, 335-36 (3d Cir. 1980); *Skeoch v. Ottley,* 278 F. Supp. 314, 315-16 (D.V.I. 1968)).   *See also Hirschensohn v. Lawyers Title Ins. Corp.,* 1997 U.S. App. LEXIS 13793, *7 (3d Cir. June 10, 1997) ("section 541 does not authorize assessment of counsel fees on appeal to this Court").   The defendants have identified no contrary authority.   As a result, the Court will recommend that fees and costs incurred in connection with the appeal be excluded.[34]

## IV.   CONCLUSION

Accordingly, the premises considered, it is hereby RECOMMENDED that the motions for fees and costs [ECFs 444, 446, 448] be GRANTED IN PART AND DENIED IN PART as follows:

---

[34]       With respect to Putnam, the amounts to be excluded related to settlement efforts and the appeal are $20,499.00 (fees) and $3,047.25 (costs).  For Whitecap, the amounts to be excluded are $33,793.75 (fees) and $3,115.23 (costs).

*MRL Development, LLC, et al. v.*
*Whitecap Investment Corp., et al.*
Civil No. 2013-48
Page 21

1.      that Great Southern Wood Preserving be awarded $174,410.00 in fees and $21,127.16 in costs;

2.      that Putnam Family Properties, Inc. and Putnam Lumber and Export Company be awarded $114,684.50 in fees and $15,007.47 in costs; and

3.      that Whitecap Investment Corp. d/b/a Paradise Lumber be awarded $172,377.75 in fees and $15,398.36 in costs.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** March 23, 2017                    S_____
                                              **RUTH MILLER**
                                              United States Magistrate Judge