```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

MRL Development I, LLC and MICHAEL R.  )
LUCHT,                                 )
                                       )
           Plaintiffs,                 )
                                       )    Civil No. 2013-48
           v.                          )
                                       )
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER; PUTNAM LUMBER &       )
EXPORT CO.; PUTNAM FAMILY PROPERTIES,  )
INC.; and GREAT SOUTHERN WOOD          )
PRESERVING, INC.,                      )
                                       )
           Defendants.                 )
_____)
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER,                       )
                                       )
           Cross-claimant,             )
                                       )
           v.                          )
                                       )
PUTNAM LUMBER & EXPORT CO.; PUTNAM     )
FAMILY PROPERTIES, INC.; and GREAT     )
SOUTHERN WOOD PRESERVING, INC.,        )
                                       )
           Cross-claim defendant.      )
_____)
                                       )
PUTNAM FAMILY PROPERTIES, INC.,        )
                                       )
           Cross-claimant,             )
                                       )
           v.                          )
                                       )
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER; and GREAT SOUTHERN    )
WOOD PRESERVING, INC.,                 )
                                       )
           Cross-claim defendants.     )
```

|                                                      |   |
|------------------------------------------------------|---|
| **PUTNAM LUMBER & EXPORT COMPANY,**                  | ) |
|                                                      | ) |
| Cross-claimant,                                      | ) |
|                                                      | ) |
| v.                                                   | ) |
|                                                      | ) |
| **WHITECAP INVESTMENT CORP., d/b/a PARADISE LUMBER; and GREAT SOUTHERN WOOD PRESERVING, INC.,** | ) |
|                                                      | ) |
| Cross-claim defendant.                               | ) |

**ATTORNEYS:**

**Andrew Capdeville, Esq.**
Law offices of Andrew L. Capdeville, P.C.
St. Thomas, VI
**Paul Martin Platte, Esq.**
Columbia, SC
    *For the plaintiffs*,

**Chad C. Messier, Esq.**
**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
    *For the defendant/cross-claimant Whitecap Investment Corp.*
    *d/b/a Paradise Lumber,*

**Lisa M. Komives, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson, Esq.**
**Lana M. Naghshineh, Esq.**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *For the defendants/cross-claimaints Putnam Lumber & Export*
    *Co. and Putnam Family Properties, Inc.,*

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**Lee M. Hollis, Esq.**
**John Stewart Baker, Esq.**

**Sunshine S. Benoit. Esq.**
Lightfoot, Franklin & White, LLC
Birmingham, AL
> *For the defendant/cross-claim defendant Great Southern Wood Preserving, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of Michael R. Lucht and MRL Development I, LLC to reconsider the Court's award of attorney's fees to the defendants and to stay execution on the attorney's fees award pending resolution of the motions for reconsideration.

### I. FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving, Inc. ("GSWP") is an Alabama lumber wholesaler. In addition to selling wood, it also provides chemical and pressure treatments to prevent lumber from decaying. The ostensible purpose of such treatments is to render the lumber safe for use in buildings.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the defendant/cross-claimant Putnam Family Properties, then doing business as Putnam Lumber and Export Company ("Putnam Family"). Putnam Family later sold its wood export business and name to defendant/cross-claimant Putnam

Lumber and Export Co. ("Putnam Lumber") (Putnam Family and Putnam Lumber are collectively referred to herein as the "Putnam Defendants").

Putnam Family, a Florida corporation, was itself a lumber retailer. Putnam Family regularly sold lumber to, among others, the defendant/cross-claimant Whitecap Investment Corporation, doing business as Paradise Lumber ("Paradise Lumber").

Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands. It sold lumber that it had purchased from Putnam Family, and which had been treated by GSWP, to various consumers in St. John. These consumers used the lumber in their sundry buildings. Two of these consumers are the plaintiffs in the instant case, MRL Development I, LLC and Michael R. Lucht ("Lucht") (collectively "MRL").

MRL claims that the GSWP-treated lumber, sold by the Putnam Defendants, prematurely decayed, causing damage to its house, into which the lumber had been incorporated.

MRL initiated this matter on February 15, 2013, in the Superior Court of the Virgin Islands (the "local action"). The amended complaint (the "Complaint") named GSWP, Paradise Lumber, and the Putnam Defendants as defendants. The Complaint included six counts: (1) breach of contract against Paradise Lumber; (2) breach of contract against the Putnam Defendants; (3) breach of

warranty against all defendants; (4) negligence against all defendants; (5) strict liability against all defendants; and (6) deceptive trade practices against all defendants.

On May 14, 2013, GSWP removed the local action to this Court. Following discovery, and approximately one month before trial, the defendants filed several motions for total or partial summary judgment. On November 18, 2014, the Court granted summary judgment for all defendants. MRL appealed. In a May 17, 2016, opinion, the Third Circuit affirmed the Court's grant of summary judgment for all defendants.

GSWP, the Putnam Defendants, and Paradise Lumber then moved for attorneys' fees and costs pursuant to 5 V.I.C. § 541 (the "fee petition"). On February 13, 2017, the Court referred the fee petition to the Magistrate Judge for a report and recommendation.

On March 23, 2017, the Magistrate submitted a report in which she recommended that the Court issue an award to the defendants as follows: $174,410 in fees and $21,127.16 in costs to GSWP; $114,684.50 in fees and $15,007.47 in costs to the Putnam Defendants; and $172,377.75 in fees and $15,398.36 in costs to Paradise Lumber. On March 29, 2017, after a *de novo* review of the record, the Court adopted the Magistrate's report and recommendations.

On March 29, 2017, MRL moved for reconsideration, arguing that the Court impermissibly adopted the Magistrate's report and recommendation without waiting 14 days for MRL to file objections. A few days later, MRL also filed objections to the Magistrate's report and recommendation.

On June 26, 2017, MRL file a motion to stay execution on the attorney's fee award pending resolution of its motion for reconsideration.

## II. DISCUSSION

Motions for Reconsideration are governed by Local Rule of Civil Procedure 7.3 which provides that:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
>
> 2. availability of new evidence, or;
>
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2009); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to

correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

### III. ANALYSIS

In its motions for reconsideration, MRL contends that it was clear error for this Court to approve the Magistrate Judge's report and recommendation before 14 days had passed.

When a Magistrate Judge issues a report and recommendation:

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Thus, when a party objects to a report and recommendation, the Court is required to undertake a *de novo* review of the portion of the report and recommendation to which a party objects. *See id.* Here, the Court reviewed the record *de novo*. *See* ECF No. 465, at 6 ("Upon de novo review of the record, the Court agrees with the Magistrate Judge.") In effect, the Court proceeded as if MRL had objected to the entire report and recommendation. Under these circumstances, there was no prejudice to MRL.[1]

Moreover, the Court is unaware of any authority that would require a district court to await the receipt of objections before reviewing a report and recommendation under a *de novo* standard. As such, the Court finds that adopting the report and recommendation after *de novo* review was not clear error.

After it filed its motion for reconsideration, MRL filed objections to the report and recommendation. When MRL filed those objections, the Court had already adopted the Magistrate's report and recommendation. Thus, to the extent that MRL

---

[1] Even after the Magistrate Judge issued her report and recommendation, the fee petition remained pending before this Court. The Magistrate Judge had not held a hearing or otherwise expanded the record. The Court is unaware of any authority that would, under these circumstances, prevent the Court from proceeding on those motions and resolving those motions itself.

objections are construed as objections, they are moot. Regardless, the Court finds that it is appropriate to treat MRL's objections as an additional motion for reconsideration and will consider the arguments raised therein on that basis.

Having reviewed the arguments raised in MRL's objections, it is evident that MRL essentially raises the same arguments raised in MRL's briefing on the fee petition. The Court has previously considered and rejected those arguments. MRL has not identified any clear error or manifest injustice resulting from the Court's rulings.[2]

Accordingly, the Court will deny MRL's motions for reconsideration.[3] Because the Court will deny the motions for reconsideration, the motion to stay execution is moot.

---

[2] That failure is understandable as MRL filed its objections as objections to the report and recommendation, not as a motion for reconsideration.

[3] The Court will, however, elaborate on its reasons for rejecting MRL's public policy argument. MRL argues that public policy weighs against imposing the award for attorney fees in this case because this case "involve[s] an important public interest--the interest of a large class of consumers and homeowners on St. John who suffered damages as a result of Defendants' refusal to stand behind their defective lumber . . . ." ECF No. 469, at 6. MRL also indicated that the attorney's fee award in this case:

> effectively signal[s] to consumers in the Virgin Islands that the doors of the courts are closed to them to pursue legitimate claims that involve some litigation risk unless they have the means to pay extraordinary legal fees that corporate defendants' counsel may generate if the consumers' claims are unsuccessful.

*Id.*

In support of its argument, MRL cites to *Smith v. Government of the Virgin Islands*. 361 F.2d 469 (3d Cir. 1966). In that case, the Third Circuit considered the propriety of entering an award of attorney's fees against a plaintiff in a taxpayer suit.[3] The court held that such an award should be

The premises considered; it is hereby

**ORDERED** that the motions of MRL Development I, LLC and Michael R. Lucht for reconsideration are **DENIED**; and it is further

**ORDERED** that the motion of MRL Development I, LLC and Michael R. Lucht to stay execution is **MOOT**.

S\_____
**Curtis V. Gómez
District Judge**

---

"little more than nominal" because "an important public interest is served by avoiding awards of attorneys' fees which are so large and burdensome as to discourage taxpayers' suits that are brought in good faith and are not frivolous, even though in a legal view some plaintiffs' apprehension of illegality in the challenged course of public administration may prove to be inadequately based." *See id.* at 471-72.

In this case, MRL sought recovery of damages on its own behalf. Thus, despite MRL's contentions to the contrary, the Court is satisfied that the private interest, not the public interest, was implicated in this action. As such, this case is outside the scope of *Smith*.

Moreover, the award of attorney's fees in this case does not close the doors of the Court to consumers who cannot pay the legal fees of corporate defendants. A party's ability to pay for the opposing party's attorneys' fees is a relevant factor when deciding a fee award. *See Smith v. Virgin Islands Port Auth.*, No. 02-227, 2013 WL 152178, at *4 (D.V.I. Jan. 11, 2013), *aff'd*, 568 Fed.Appx. 169 (3d Cir. 2014). Significantly, here, while MRL has called the fee award onerous and objects to the size of that award, it has never contended that it is financially unable to pay those fees.